UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
_____

| | |
|---|---|
| FAVIAN A. HAYES, ) | C/A No.: 4:14-cv-3778-RMG-TER |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| ) | |
| WARDEN, LEE CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Favian A. Hayes (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 29, 2014. Respondent filed a motion for summary judgment on January 28, 2015, along with a return and memorandum. (Docs. #19 and #20). The undersigned issued an order filed February 2, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #21). Petitioner filed a response on April 1, 2015.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in the Lee Correctional Institution pursuant to orders of commitment from the Clerk of Court for Sumter County. Petitioner was indicted at the October 2007 term of the Sumter County grand jury for one (1) count of Possession with Intent to Distribute (PWID) Cocaine Base and one (1) count of PWID Cocaine Base Within One-Half (1/2) Mile of a School (2007-GS-43-0801). An amended indictment was then true billed at the May 2009 term of the Sumter County grand jury charging Petitioner with one (1)count of Armed Robbery[2] and one (1) count of Criminal Conspiracy (2009-GS-43-0646). David F. Sullivan, Esquire, represented Petitioner on the charges. On June 1, 2009, Petitioner pleaded guilty before the Honorable Howard P. King ("the plea/sentencing court") to Armed Robbery, Criminal Conspiracy, and the lesser included Possession of Cocaine Base, 2nd offense. As part of the guilty plea, the State agreed to dismiss the proximity charge and to allow Petitioner to plead to possession

---

[2] Petitioner did not plead guilty to the armed robbery in indictment number 08-GS-43-647. See Tr. 24-27; 78-80.

2

rather than PWID on the cocaine base charge. Judge King sentenced Petitioner to twenty-five (25) years confinement on the Armed Robbery charge, five (5) years on the Conspiracy charge, and five (5) years on the Possession of Cocaine, 2nd offense, charge. The sentences were ordered to run concurrently.

## Direct Appeal

Petitioner filed a notice of appeal. The appeal was denied and dismissed by the South Carolina Court of Appeals on October 15, 2009, for failure to comply with Rule 203(d)(1)(B), SCACR, because the notice of appeal did not explain why the guilty plea should be appealable and what issues would be appealed. The Remittitur was issued on October 15, 2009.

## PCR

Petitioner filed an application for post-conviction relief (PCR) on September 22, 2009 (2009-CP-43-2206). Respondent filed its Return on February 22, 2010. An evidentiary hearing into the matter was convened at the Sumter County Courthouse on March 23, 2012 before the Honorable W. Jeffrey Young, Circuit Court Judge ("the PCR court"). Petitioner was present at the hearing and was represented by collateral counsel, Patrick Killen, Esquire. Respondent was represented by Assistant Attorney General Mary S. Williams. At the hearing, Petitioner testified in his own behalf. Petitioner's plea counsel, David Sullivan,

Esquire, also testified at the hearing. Also testifying were investigator Christopher Hilditch and co-defendant Brandon McFadden. On May 16, 2012, the PCR court issued its Order of Dismissal denying and dismissing the PCR application with prejudice. The order was filed with the Sumter County Clerk of Court on May 22, 2012.

**PCR appeal**

Petitioner appealed from the denial of post-conviction relief by way of a Petition for Writ of Certiorari, a merits brief to the South Carolina Supreme Court. Petitioner was represented in the appeal by Katherine Hudgins, Esquire, of the S.C. Office of Appellate Defense. In the merits brief, Petitioner raised the following issue to the South Carolina Supreme Court from the denial of his PCR application:

> Did the PCR judge err in refusing to find counsel ineffective for failing to provide an explanation pursuant to Rule 203(d)(1)(B)(iv) showing that the plea judge's refusal to relieve counsel, based on a conflict of interest, was an issue that could be raised in a direct appeal of the guilty plea?

(Petition for Writ of Certiorari, p. 2). The State filed a Return to the Petition for Writ of Certiorari. The appeal was transferred to the South Carolina Court of Appeals by Order of the South Carolina Supreme Court. On July 3, 2014,

the South Carolina Court of Appeals denied certiorari. (See Attached Order). The Remittitur was issued on November 17, 2009.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:	Ineffective Assistance of Counsel.

Supporting Facts:	Counsel David F. Sullivan, Esq., failed to investigate case; had counsel would of investigate he would found out that during an bond hearing that was conducted on 10-30-07, he would have known that lead Det. Rickburg in Robbery case stated in open court that the victims in said case "couldn't identify, because assailants had their faces covered." Counsel could have used such trans [?] to "impeach" victim and/or Det. on cross-examination. . . .

GROUND TWO:	"Conflict of Interest"

Supporting Facts:	David F. Sullivan, guilty plea counsel took appellate Brady motion and exposed contents of discovery to another one of his clients [?] was an potential witness for the State, one's Stacey Rhodes took several documents and photos from appellate discovery. Counsel motive. . . .

GROUND THREE:	Involuntary guilty plea

Supporting Facts:	Counsel gave appellate erroneous advise to plead guilty to Robbery offense, stating that

5

|  |  |
|---|---|
|  | appellate was to receive an (10) year sentence same as codefendant Brandon McFadden, received, if appellate pleaded guilty. Appellate told Hon. Judge King, that coun. enlighten appellate that coun. advised him that he was to receive an (10) year sentence upon pleading. Appellate told Judge King the only reason he was pleading. . . . |
| GROUND FOUR: | Ineffective assistance of counsel on appellate law. |
| Supporting Facts: | Counsel David F. Sullivan, esq. filed Notice of Appeal on 6-1-09. Court of Appeals sent coun. an Notice, requesting an "written explanation," for Appellate N.O.A., with an (14) day deadline, failure to do so would result in an Order of Dismissal, Rule 203 (d)(1)(B), on 7-23-09. Counsel failed to respond to Notice. On 8-13-09, C.O.A. sent another "Notice," stating the same as first Notice. Counsel refused to respond to that correspondence as well. Instead sent Appellate an correspondence (11) days later out of the (14) day deadlines staing that he doesn't have any Appellable issues. However, if I have any, I need to send them to the "C.O.A." As soon As possible." (3) days later, the Court of Appeals send me and Order of Dismissal, dismissing my Notice of Appeal.<br><br>Counsel stated that my Appeal was without merit, but However, never sent the Courts an Johnson or Anders brief. Asking to be relieve of my case and by counsel not answering to either "Notice" that the Courts of Appeals sent to him, and not filing an brief to be relieve of |

>                    Appellates case. Counsel did not meet
>                    constitutional standards and therefore was
>                    ineffective on Appellate level as well.

(Petition).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."

*Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground Four

In Ground Four, Petitioner argues that plea counsel, David F. Sullivan, was ineffective. Specifically, Plaintiff asserts counsel filed a Notice of Appeal but did not file the explanation required by Rule 203, SCARC, after receiving two "Notices" from the appellate court which resulted in dismissal of his appeal. Petitioner alleges that instead of filing a "Johnson or Anders brief," counsel sent him a "correspondence" eleven days into the fourteen day time limit advising Petitioner that he could file the Rule 203 explanation. However, the appellate court dismissed his case after the fourteen day deadline before he had a chance to respond. Therefore, Plaintiff asserts counsel was ineffective for failing to file the "explanation" on his behalf with the South Carolina Court of Appeals even after receiving two "notices"

8

to file it from the appellate court.

As set forth above, this claim was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). Thus, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

Petitioner claims ineffectiveness of counsel. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

Both Petitioner and his trial counsel testified at the PCR hearing that Petitioner requested that trial counsel file an appeal on Petitioner's behalf. Trial counsel did file a notice of appeal but failed to comply with Rule 203, SCARC. The South Carolina

Court of Appeals sent trial counsel a letter dated July 23, 2009, stating that Rule 203(d)(1)(B), SCARC requires "[a] written explanation showing that there is an issue which can be reviewed on appeal. This explanation should identify the issues to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue..." Counsel was instructed to serve the explanation within fourteen (14) days of the date of the letter. (See entry 1-4, p. 4). On August 13, 2009, the South Carolina Court of Appeals sent trial counsel a second letter stating the following, in part:

> This is the Court's second letter. Failure to comply with this letter will result in the dismissal of your appeal from a guilty plea. Rule 203(d)(1)(B), SCACR, requires you to provide "a written explanation showing that there is an issue which can be reviewed on appeal. This explanation should identify the issues(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s). If an issue was not raised to and ruled on by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal." Failure to make a sufficient showing may result in dismissal of this appeal.
>
> The explanation should be served and filed within fourteen (14) days of the date of this letter.

(Entry 1-4, p. 3).

Petitioner asserts that counsel waited until the eleventh day after receiving the second letter from the state Court of Appeals to notify him that he should provide an

11

explanation to the court. Petitioner contends that by the time he received the letter, the appeal was dismissed before he could submit anything to the court. Petitioner attached a copy of the letter he received from plea counsel dated August 24, 2009, which stated as follows:

> I do not believe there were any appealable issues from the guilty plea. However, if you wish to provide grounds for an appeal pursuant to Rule 203(d)(1)(B) you should provide them as soon as possible to the South Carolina Court of Appeals . . . .Your letter should provide the legal issues to be raised on appeal and the factual basis for the issues including how the issues were raised in the trial court and the ruling of the trial court on those issues.

(Entry 1-6, p. 2).

The South Carolina Court of Appeals issued an Order on September 3, 2009, dismissing the appeal pursuant to Rule 221(b), SCACR, after finding that the attorney failed to send an explanation under Rule 203(d)(1)(B), SCACR, and to respond to letters dated July 23, 2009, and August 13, 2009. (Entry #1-4, p. 2).

At the PCR hearing, counsel testified as follows with regard to this issue:

Q:  The last thing I think I will ask you about Mr. Sullivan is this appellant issue. You heard Mr. Hayes talk about it and Ms. Williams asked you some questions. The Court of Appeals ultimately dismissed the appeal, is that correct?

A:  That's my understanding.

Q:  And that was done because a brief was not filed within the requisite time after the notice of appeal was filed?

> A:   I suppose so.
>
> Q:   When the Court of Appeals dismissed his appeal, they sent the notice of that to you?
>
> A:   I think they did.
>
> Q:   Okay. So, they were expecting that to come from you. They were expecting, the brief that wasn't file[d], they were expecting that to come from you?
>
> A:   I didn't know what to give them because I didn't know of any appealable issues. I told Favian and the appellant defense that. I talked with one of my co-workers about what I could do. I called the appeal folks and they asked me what the issues were and I didn't have any.

(Tr. 152-153).

In the order of dismissal, the PCR court found counsel was not ineffective with regard to the direct appeal issue stating:

> Applicant further asserts that Counsel was ineffective in handling his direct appeal. Counsel did file a notice of appeal on Applicant's behalf. The appeal was ultimately dismissed for failure to submit a "written explanation showing that there is an issue which can be reviewed on appeal." Rule 203(d)(1)(B)(iv), SCACR. This rule was effective May 1, 2008.
>
> Counsel testified that he filed the appeal at Applicant's request, but he did not perceive any potentially meritorious issue for appeal. Counsel ultimately wrote to Applicant on August 24, 2009, advising him that he did not believe that there were any appealable issues but Applicant could write the Court of Appeals. Applicant made no effort to do so.

13

> Even assuming that Applicant's [d]emonstrations to the plea court can be interpreted as a motion to relieve counsel preserved for appeal, I find that Applicant has failed to demonstrate that the outcome would have been any different had the issue been raised on appeal. "A motion to relieve counsel is addressed to the discretion of the trial judge and will not be disturbed absent an abuse of discretion. Id. The appellate bears the burden of demonstrating an abuse of discretion. Id. In Appellant's case, Applicant stated generally that he did not think he would be successful at trial with Counsel representing him. Applicant complained about an incident in which another client of Counsel's took photos from Counsel's file. The photos were ultimately recovered. It is unclear how this incident prejudices Applicant's case. The client who temporarily took the photos from counsels file(the client, not Applicant, appeared in the photos) was charged with unrelated offenses, and the solicitor had not spoken to him about testifying in Applicant's case. Therefore, when Applicant chose to enter his plea, there was no conflict of interest. "[T]he mere possibility defense counsel may have a conflict of interest is insufficient to impugn a criminal confrontation." State v. Gregory, 364 S.C. 150, 153, 612 S.E 2d 449, 450 (2003). Counsel also testified at the plea and at PCR hearing that he perceived no conflict. Finally, as discussed above, counsel conducted a thorough investigation and was prepared for trial. For all these reasons, I find that even if Applicant's request to relieve Counsel were preserved for appellate review, the outcome would have been no different. Therefore, Counsel was not ineffective.

(Tr. 163-165).

The PCR court made the finding that trial counsel was not ineffective by not filing a written explanation in accordance with Rule 203(d)(1)(B)(iv), SCACR which

14

was effective May 1, 2008. It held that there was no error because counsel advised Petitioner that he did not believe there were any appealable issues and that Petitioner could independently write the appellate court. It further found that Petitioner made no effort to write the appellate court.

The PCR court further found Petitioner failed to demonstrate the requisite prejudice prong of the Sixth Amendment analysis. Its finding was based on its conclusion that the issue intended to be presented on appeal - trial court error in failing to grant Petitioner's motion to relieve counsel due to a conflict of interest - was without merit.

As set forth above, it is undisputed that Petitioner requested that his trial counsel file an appeal.[3] Counsel filed a notice of appeal but did not file the necessary explanation pursuant to Rule 203(d)(1)(B) after two requests from the appellate court. Counsel sent Petitioner a letter dated a few days before the expiration of the extended period established by the appellate court to file the explanation advising that he would not file the explanation and that Petitioner could do so himself. Petitioner testified at PCR that "[h]e waited eleven days out of a fourteen day time and then sent me a letter telling me to submit the application, so by the time that I drafted up a motion, the

---

[3] Trial counsel must serve and file a Notice of Appeal as required by Rule 203, SCACR, and request a determination of indigency by the Office of Appellate Defense. In re Matter of Anonymous Member of the Bar, 400 S.E.2d 483 (S.C. 1991).

15

court of appeals sent a order dismissing." (Tr. 120).[4]

The Sixth Amendment right to effective assistance of counsel is clearly established. See Strickland, supra. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(citing Rodriquez v. United States, 395 U.S. 327 (1969)). Accordingly, it is clear that the PCR court incorrectly applied federal law in finding no error on the part of trial counsel.

Additionally, the PCR court found Petitioner failed the prejudice prong because the substance of Petitioner's potential appeal was without merit. If an attorney disregards a specific instruction from a client to file an appeal and the attorney fails to do so, such action is *per se* ineffective assistance of counsel, and the defendant is entitled to a belated appeal without showing the appeal would have merit. Rodriquez, 395 U.S at 329-330; Peguero v. United States, 526 U.S. 23, 28 (1999)("defendant entitled to a new appeal without showing that his appeal would likely have had merit"); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993)(Sixth Amendment deprivation even if lost appeal may not have had a reasonable probability of success); United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007)(attorney required to file

---

[4] Petitioner submits a copy of the order from the South Carolina Court of Appeals stating that "Appellant has filed a motion to reinstate and other motions and filings. After review of Appellant's filings, the motion to reinstate is DENIED. The remaining pending motions are deemed moot." (Doc. #1-2). It is not clear whether or not this was part of the record at PCR.

appeal when instructed to do so by client, "even when doing so would be contrary to plea agreement and harmful to client's interests"); <u>Grooms v. United States</u>, 2013 WL 5771180, *4 (D.S.C. Oct. 23, 2013)(where counsel fails to perform ministerial task of filing notice of appeal, exception to <u>Strickland</u>'s cause and prejudice applies, and such failure constitutes *per se* ineffectiveness without further showing of prejudice); <u>See</u> <u>also</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 397, 105 S.Ct. 830 (1985)(affirming lower courts' determination that appellate counsel was ineffective for failing to perfect direct appeal by filing "statement of appeal" as required by Kentucky law); <u>Hernandez v. United States</u>, 202 F.3d 486, 489 (2d Cir. 2000)(no distinction between counsel filing untimely notice of appeal, not filing a notice of appeal or filing a timely notice of appeal but neglecting to perfect the appeal). Thus, the PCR court misapplied federal law and such application was objectively unreasonable.

Therefore, it is recommended that Respondent's motion for summary judgment be denied with respect to Ground Four and the habeas petition be granted, unless the state, by whatever procedure it deems appropriate, promptly allows Petitioner leave to appeal out of time and provides him with assistance of counsel.[5] It is further

---

[5] In <u>Grooms</u>, the court stated the following with regard to the remedy for ineffective assistance of counsel:

> The remedy for ineffective assistance of counsel is to put petitioner back where he would have been had he received the proper advice (or assistance). <u>See</u> <u>Lafler v. Cooper</u>, ─── U.S. ───, ───, 132 S.Ct. 1376, 1388, 182 L.Ed.2d 398 (2012). As

17

recommended that the remainder of Petitioner's claims be dismissed without prejudice.

## CONCLUSION

As set out above, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #19) be denied unless the state, by whatever procedure it deems appropriate, promptly allows Petitioner leave to appeal out of time and provides him with assistance of counsel.

It is further RECOMMENDED that the remainder of Petitioner's claims be dismissed without prejudice.

                                  Respectfully submitted,

                                  s/Thomas E. Rogers, III
                                  Thomas E. Rogers, III
May 28, 2015                       United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

---

explained in Lafler, "Sixth Amendment remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.... Thus, a remedy must neutralize the taint of a constitutional violation ..., while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." Id. at 1388–89 (internal quotation marks and citations omitted).

2013 WL 5771180, *3.