## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Favian A. Hayes, | ) | |
| | ) | C.A. No. 4:14-3778-RMG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden, Lee Correctional Institution, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This action involves a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge finding that defense counsel's failure to file a written explanation required under South Carolina Appellate Court Rule 203(d)(1)(B)(iv) in conjunction with Petitioner's direct state appeal, resulting in the summary dismissal of the appeal, constituted a violation of Petitioner's Sixth Amendment right to effective assistance of counsel. (Dkt. No. 32 at 16-17). The Magistrate Judge, referencing United States Supreme Court precedents, concluded that there was no requirement of a showing of actual prejudice and recommended that the writ be granted, and Petitioner have restored his right to a direct appeal. (*Id.* at 17-18). The Respondent filed objections to the R & R, arguing that *Strickland v. Washington*, 466 U.S. 668 (1984) required Petitioner to show both error by counsel and prejudice. (Dkt. No. 34 at 3).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions

of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As the Magistrate Judge ably summarizes in the R & R, Petitioner requested that his counsel file an appeal following his guilty plea. Under the South Carolina Appellate Court Rules, an appeal from a guilty plea must be accompanied by an explanation setting forth the issues on appeal and how they were preserved for appeal or an explanation supporting the argument that there remains a viable issue for review. SCACR 203(d)(1)(B)(iv). The Rule provides that if the explanation fails to make a "sufficient showing, the notice of appeal may be dismissed." *Id.*

The uncontested record established that Petitioner's trial counsel filed the requested notice of appeal but failed to submit the required written explanation. The Court of Appeals twice wrote defense counsel requesting the required explanation and warned that the appeal would be dismissed if there was not compliance with the explanation requirement. Both letters indicated defense counsel had fourteen days to submit the required explanation. Eleven days after receipt of the second letter, defense counsel wrote Petitioner telling the client he should submit the response to the Court. Petitioner asserted that by the time he received the correspondence from counsel his time to file a response had expired. (Dkt. No. 32 at 10-13). Defense counsel asserted that he knew of no legal basis to challenge the guilty plea and that he filed no document with the Court of Appeals because he knew of no argument he could credibly assert. (*Id.* at 13).

When defense counsel receives a request from his client to file a direct appeal from his conviction, he has a duty to comply and the failure to timely file the appeal is "professionally

-2-

unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). This duty includes both the filing of the notice of appeal and any supporting documents necessary to perfect the appeal. *Evitts v. Lucey*, 469 U.S. 387, 389 (1985). Where defense counsel fails to perform his duty to perfect the defendant's appeal, the "defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.; Peguero v. United States*, 526 U.S. 23, 28 (1999).

Despite this controlling United States Supreme Court authority, Respondent argues that Petitioner has a meritless appeal and that Petitioner cannot show prejudice. (Dkt. No. 34 at 3-7). This is perhaps so but it must be decided on the merits as part of the state court direct appeal process. As the Fourth Circuit observed in *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007), many of these *Flores-Ortega* cases "obtain little more than an opportunity to lose at a later date."

Therefore, the Court agrees with and adopts the findings and conclusions of the Magistrate Judge that defense counsel's failure to file the required explanation with the Court of Appeals was "professionally unreasonable" and deprived Petitioner of his Sixth Amendment right of effective assistance of counsel. The Magistrate Judge recommended that the Respondent's motion for summary judgment be denied and the habeas petition be granted unless the Respondent allowed Petitioner leave to appeal out of time and provided him assistance of counsel. (Dkt. No. 32 at 17-18).

The United States Supreme Court has held that the remedy for a Sixth Amendment violation must be "tailored to the injury suffered from the constitutional violation" that "neutralize[s] the taint" without granting the defendant a "windfall" or "squander[ing] the considerable resources the State properly invested in the criminal prosecution." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388-89 (2012). Measured by this standard, Petitioner's constitutional

injury can be remedied only by placing him in the same position he would have occupied but for the violation of his Sixth Amendment right. Thus, the remedy must include both the restoration of his right to a direct appeal and the appointment of counsel to handle that direct appeal.

Out of respect for federal-state relations, the Court presents Respondent with the following options. The Respondent within 10 days of this order, may grant Petitioner leave to file a belated appeal and appoint counsel to represent him in that appeal. If Petitioner's direct appeal rights are restored and counsel appointed, this Petition will be dismissed as moot. On the other hand, if restoration of direct appeal rights and appointment of counsel are not provided within 10 days of this order, the Court hereby grants the petition for a writ of habeas corpus, orders that Petitioner's direct appeal rights be restored and directs the appointment of counsel to handle Petitioner's direct appeal. Petitioner's incarcerated status will not change during the pendency of the direct appeal. Respondent is to file a notice with the Court within the ten-day period provided herein regarding which option it wishes to elect.

### Conclusion

The Court hereby adopts the R & R of the Magistrate Judge as the order of the Court, except for the modification of the remedy as set forth above. Upon Respondent filing the required notice regarding which option it has elected, the Court will enter a final order in this matter.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June /6, 2015

-4-